

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION – SIOUX FALLS

| | |
|---|---|
| **MILO KNUTSON, for himself and all others similarly situated,** | Civil Action No. 4:11-cv-04041-KES |
| **Plaintiff,** | |
| vs. | |
| **SPRINT COMMUNICATIONS COMPANY L.P.,** | *Document Electronically Filed and Served Via ECF System* |
| **Defendant.** | |

# FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES TO SETTLEMENT CLASS COUNSEL

Under Federal Rules of Civil Procedure 23(h)(1) and 54(d)(2), Plaintiff in this class action has moved for an award of attorneys' fees and expenses to Settlement Class Counsel. Under Rule 23(h)(3), the Court must make findings of fact and state its conclusions of law. The Court does so, as follows, in granting the motion:

### Findings of Fact

1. This class-action settlement resolves a property-rights dispute, which arises out of the installation of fiber-optic cable on railroad rights of way by Sprint Communications Company L.P. The claims resolved by the Settlement affect parcels of land in South Dakota covering approximately 58 miles of rights of way throughout the state.

2. On September 5, 2012, the Court entered an order preliminarily approving the Settlement, certifying the Settlement class, and approving the form and manner of notice. On March 1, 2013, the claims administrator mailed notices to 1,167 current and prior property owners along railroad rights of way in South Dakota containing telecommunications facilities

installed by Sprint, and opened a Settlement call center and website. The notice, which was posted on the website, advised in pertinent part:

> The Court will decide how much Class Counsel and any other lawyers will be paid. Class Counsel will ask the Court for attorneys' fees, costs and expenses of $117,000. . . . The Defendants will separately pay these fees and expenses and the payment will not reduce the benefits available for the Class.

Notice ¶ 24. The Notice further advised that the Court would hold a Fairness Hearing on June 10, 2013, at which time the Court would "consider how much to pay Class Counsel." *Id.* ¶ 27. On June 10, 2013, the Court held the final Fairness Hearing.

3.  The Settlement Agreement provides in pertinent part: "Settlement Class Counsel may seek from the Court a cash award of fees and expenses from the Settling Defendants, in an amount not to exceed the Maximum Attorneys' Fee Award, to which the Settling Defendants will not object." Settlement Agreement § II.E.1. The Settlement Agreement defines the Maximum Attorneys' Fee Award as $117,000. Settlement Agreement Definitions. The Settlement Agreement further provides that "the Settling Defendants shall deposit any attorneys' fee award approved by the Court, which shall not exceed the Maximum Attorneys' Fee Award, into the interest-bearing escrow account established with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final." Settlement Agreement § II.E.2.

4.  The escrow account established with U.S. Bank is a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B. The escrow account is maintained by U.S. Bank in New York, New York, with the Garretson Firm Resolution Group, Inc. ("GFRG") serving as the Fund Administrator. These arrangements are consistent with the terms of an Escrow Agreement entered into as of August 26, 2011 between certain Settlement Class Counsel, U.S. Bank, and GFRG.

5. Settlement Class Counsel estimate that approximately $287,000 in cash benefits are available for class members to claim. Administrative costs — to be paid separately by Sprint — in creating and updating a sophisticated database to notify class members, implement the Settlement, and process claims, are estimated at an additional $48,000. The agreed-to attorneys' fees and non-taxable costs of approximately $117,000 — which will not reduce benefits payable to class members — bring the total gross value of the Settlement to roughly $452,000.

## Conclusions of Law

6. Rule 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement." The Rule further provides that "[a] claim for an award must be made by motion under Rule 54(d)(2)," notice of which must be "directed to class members in a reasonable manner" and that the Court "must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(1) and (3). In turn, Rule 54(d)(2) requires a claim for fees to be made by motion, and specifies its timing and content, including, in relevant part, "the grounds entitling the movant to the award" and "the amount sought." Fed. R. Civ. P. 54(d)(2)(B). Notice of this fee-award motion was provided in the class notice and on the website.

7. In the Eighth Circuit, "[c]ourts utilize two main approaches to analyzing a request for attorney fees[,] the 'lodestar' methodology [and] . . . the 'percentage of the benefit' approach." *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 244 (8th Cir. 1996). The percentage-of-the-benefit (or "percentage-of the-fund" approach) "permits an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation." *Id.* at 244-45. "It is well established in this circuit that a

district court may use the 'percentage of the fund' methodology to evaluate attorney fees in a common-fund settlement." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999).

8. Under the percentage-of-the-fund method, it is appropriate to base the percentage on the gross cash benefits available for class members to claim, plus the additional benefits conferred on the class by Sprint's separate payment of attorneys' fees and expenses, and the expenses of administration. *See Boeing v. Gemert*, 444 U.S. 472, 479 (1980) ("Although the full value of the benefit to each absentee member cannot be determined until he presents his claim, a fee awarded against the entire judgment fund will shift the costs of litigation to each absentee in the exact proportion that the value of his claim bears to the total recovery.") (citation omitted). This calculation applies to precisely the type of settlement presented here, where Sprint will pay attorneys' fees separately from the compensation made available to class members. *See Johnston*, 83 F.3d at 246 ("Although under the terms of each settlement agreement, attorney fees technically derive from the defendant rather than out of the class' recovery, in essence the entire settlement amount comes from the same source. The award to the class and the agreement on attorney fees represent a package deal. Even if the fees are paid directly to the attorneys, those fees are still best viewed as an aspect of the class' recovery.").

9. The Court adopts the percentage-of-the-fund approach, and finds that, under it, the agreed-to fee-and-expense request is reasonable as a matter of law. Here, Settlement Class Counsel estimate that, based on the miles of rights of way covered by the Settlement, if each class member were to claim the available cash benefits, approximately $287,000 would be paid to qualifying class members. When estimated administrative costs of $48,000 — to be borne by Sprint — and the agreed-to attorneys' fees and expenses of $117,000— also to be paid separately by Sprint — are factored in, the gross value of the Settlement is approximately $452,000. The

4

$117,000 fee-and-expense award therefore represents approximately 26 percent of the fund as a whole.

10. At 26 percent of the value of the fund as a whole, the fee-and-expense award would be well within the range of reasonable percentage-fee awards in this Circuit. *See In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (finding "no abuse of discretion in the district court's awarding 36% to class counsel who obtained significant monetary relief on behalf of the class"); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999) ("a fee of 24 percent of the monetary benefits in this case appears reasonable"). The 26-percent fee-and-expense award is especially reasonable here, where, in reaching the Settlement, Settlement Class Counsel engaged in unusually lengthy and hard-fought litigation against the Settling Defendants to resolve the vexing legal issues arising out of the installation of fiber-optic cable on railroad rights of way that culminated in this and the 45 other state settlements. In twenty-seven fee-and-expense orders issued by federal courts in similar right-of-way settlements that have received final approval, the district courts in Idaho, Illinois, Alabama, North Dakota, Montana, Michigan, Minnesota, Vermont, Kansas, Indiana, Virginia, New Jersey, New York, Florida, West Virginia, Oklahoma, Maryland, Nebraska, Iowa, North Carolina, Wisconsin, Arkansas, Wyoming, Georgia, Colorado, Mississippi, and Missouri approved fee-and-expense awards to class counsel ranging from 17 to 30 percent of the then-estimated fund.

11. In terms of a lodestar crosscheck, the overlapping nature of fiber-optic-cable right-of-way discovery, motions practice, research, litigation, and settlement efforts across the country for more than a decade — which culminated in this and the other state settlement agreements — have prevented Settlement Class Counsel from segregating their fees and expenses into a "South Dakota-only" category or similar categories for other states. *See*

Declaration of Settlement Class Counsel Dan Millea ¶ 16; Declaration of Settlement Class Counsel Irwin Levin ¶ 22. Nonetheless, it is apparent that the South Dakota fee-and-expense request is amply supported by a lodestar crosscheck based on the time and expense incurred, and fees available, in resolution of all the state-by-state settlements of the fiber-optic-cable right-of-way litigation.

12. The total attorneys' fees and expenses incurred by Settlement Class Counsel in the decade-plus of right-of-way litigation culminating in this Settlement, excluding local counsel fees and expenses, were just over $60,000,000 as of March 31, 2011; that number has since increased as Settlement Class Counsel have performed substantial work in seeking approval of the settlements in courts around the country, and it will continue to do so until the settlements are fully administered. *See* Millea Decl. ¶ 17; Levin Decl. ¶ 23. The Settling Defendants in the right-of-way litigation have agreed to pay a total of $41,500,000 in attorneys' fees and expenses in settlement of the forty-six state actions (and the District of Columbia) nationwide. Millea Decl. ¶ 17; Levin Decl. ¶ 23. Therefore, the incurred fees and expenses are subject to a *negative* multiplier — roughly .70 — on a nationwide basis and with a pro-rata South Dakota allocation.

13. Here, there were no objections to the fee-and-expense award. This is a factor for the Court's consideration. *See U.S. Bancorp Litig.*, 291 F.3d at 1038. The Court-approved notice stated that, at the conclusion of the fairness hearing, counsel would seek a fee-and-expense award up to $117,000. The notice also informed class members of their ability to object to the fee-and-expense request. No class member objected to it. The absence of objections by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable.

**WHEREFORE** it is **ORDERED** that the motion for an award of attorneys' fees and expenses to Settlement Class Counsel is **GRANTED**.

It is further **ORDERED** that the Court approves a fee-and-expense award of $117,000 to Settlement Class Counsel,

It is further **ORDERED** that Sprint shall deposit the fee-and-expense award approved by the Court into the interest-bearing escrow account — established as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B and as a trust under state law — with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final, that any alleged or actual civil liability against Sprint for attorneys' fees arising out of the tort claims resolved by the South Dakota Class Settlement Agreement approved by this Court is satisfied and extinguished through Sprint's payment of the fee-and-expense award, and that any interest earned on the escrow account shall be recognized as gross income of the Qualified Settlement Fund; and

It is further **ORDERED** that appointment of GFRG as the Fund Administrator for the escrow account is hereby confirmed and that the escrow account shall be governed by the Escrow Agreement entered into as of August 26, 2011 between Settlement Class Counsel, U.S. Bank, and GFRG.

Date: June 10, 2013

_Karen E. Schreier_
Honorable Karen E. Schreier
United States District Judge